UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMY OBERHAUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV708 HEA |
| ) | |
| JOANNE B. BARNHART ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter is before the Court on plaintiff's Application for Attorneys' Fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B), [Doc. Nos. 14 and 16]. Plaintiff requests attorneys' fees in the amount of $2,467.63, which amount is based on multiplying 12.8 hours of attorney time by a rate of $156.25 per hour and 2.9 hours of attorney time by 161.25 per hour, and additional expenses of $150.00 filing fee and $8.70 in postage. Defendant has no objection to the amount requested, but requests that the award of attorneys' fees and expenses be awarded under the EAJA and that the filing fee be paid from the Judgment Fund pursuant to 28 U.S.C. § 2412(c)(1) and 31 U.S.C. § 1304.

To be eligible for an award of fees and expenses under EAJA, the party seeking the fees must meet these requirements: (1) be a prevailing party; (2) have had a net

worth of less than $2,000,000 when his action was filed; and (3) show that the fees and expenses were "incurred by that party in [the] civil action" in which the party prevailed. 28 U.S.C. § 2412(d)(1)(A)-2(B).

Plaintiff has met her threshold requirements. However, a prevailing party is not entitled to recover fees under the EAJA "unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A). The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991); *Jackson v. Bowen*, 807 F.2d 127 (8th Cir. 1986)(per curiam). The determination of whether the Commissioner's position was substantially justified is a matter for the Court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 557-63 (1988). The Commissioner must show that the denial had a reasonable basis in law and fact; i.e., show that the Commissioner's position was "justified to a degree that could satisfy a reasonable person" in denying the benefits. *Id.* at 565-66; *Welter,* 941 F.2d at 676. The Commissioner's position in denying benefits can be substantially justified although the denial is unsupported by substantial evidence on the record as a whole. *Welter*, 941 F.2d at 676.

Upon review of the record and the brief filed by plaintiff, the Court concludes that the Commissioner's position was not substantially justified.

The EAJA provides for a maximum hourly rate of $125.00 per hour for attorneys' fees "unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Moreover, even if such a request is supported by proof, an upward adjustment in the fee awarded is not automatic. *Id.*

In this case, Plaintiff has submitted proof in support of his request for an enhancement in the form of the consumer price index.

The Court finds that Plaintiff's application for attorneys' fees is reasonable as to hours expended on this matter and that Plaintiff has submitted proof supporting his request for fees in excess of the statutory limit. *McNulty v. Sullivan*, 886 F.2d 1074, 1074-75 (8th Cir. 1989). Thus, the Plaintiff is entitled to $2,467.63 ($156.25 for 12.8 hours and $161.25 for 2.9 hours), attorneys' fees, plus $8.70 costs and $150.00 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's applications for attorneys' fees and expenses under the Equal Access to Justice Act, [Doc. Nos. 14 and 16], are granted.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees under the Equal Access to Justice Act, in the amount of Two Thousand Four Hundred Sixty Seven Dollars and Sixty Three Cents ($2,467.63); plaintiff is awarded expenses in the

amount of Eight Dollars and Seventy Cents ($8.70) and costs in the amount of One Hundred Fifty Dollars ($150.00), which amount shall be paid from the Judgment Fund, as provided herein.

Dated this 7th day of November, 2006.

*[signature]*

———————————————
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE